**Grady McCALL**

v.

**Pete McCAIN, Sheriff of Navarro County, Texas, et al.**

**No. CA3–80–0990.**

United States District Court,
N.D. Texas,
Dallas Division.

Feb. 16, 1983.

L.N.D. Wells, Jr., Otto Mullinax, Dallas, Tex., for plaintiff.

Frank Betancourt, David Townend, Dallas, Tex., for defendants.

MEMORANDUM ORDER

ROBERT W. PORTER, District Judge.

This action comes before this Court on the eve of trial. Suit was originally filed to protect Plaintiff's constitutional rights to free speech and participation in political activity. Intervening factors now influence this Court to hold in favor of the Plaintiff under the terms of a settlement agreement laboriously negotiated between the parties. The eve of trial therefore, becomes the epilogue to all issues.

I. FACTS

Plaintiff, Grady McCall, was Chief Deputy Sheriff of Navarro County, Texas, until May of 1980. On May 27, 1980, he was involuntarily placed on leave without pay by Defendant Pete McCain, former sheriff of Navarro, Texas, and Bobby Ross, the present Sheriff of Navarro County, Texas. Ross refused to reinstate McCall at the expiration of the six months leave without pay.

McCall claims that his demotion and forced leave without pay were in retaliation for his having engaged in constitutionally protected political activity and having published in the Corsicana newspaper an announcement of his intention to engage in a "write in" campaign for Sheriff in the November, 1980 general election. Plaintiff also claims that he was denied an impartial and fair hearing on the propriety of his discharge, that his failure to be reemployed at the conclusion of his leave was in retaliation for the exercise of his constitutional rights, and that a conspiracy existed to prevent the Plaintiff's exercise of his constitutional rights.

Defendants contend that all adverse actions taken against Plaintiff were not related to his lawful exercise of constitutional rights, but were justified by a series of events specified in the listing handed to Plaintiff in July, 1980. This listing included incidents of non-cooperation, irresponsible behavior, and abuse of authority by the Plaintiff through his position as Chief Deputy.

## II. PRELIMINARY INJUNCTION

On September 15, 1980, this Court entered its Memorandum Order denying Plaintiff's request for a preliminary injunction. This Memorandum Order, being based on pleadings and briefs filed with the Court and two days of testimony heard by the Court, contained the Court's conclusions as to the state of the record, pursuant to Rule 52, Federal Rules of Civil Procedure. No special weight was assigned to nor intended for the conclusions other than to specify grounds for this Court's action. No appeal was taken by either party regarding the holding issued by the Court. Thus it is undisputed that these findings of the September 15th, 1980 Memorandum Order are final and control over the outcome of this case.

## III. SETTLEMENT HEARING

On February 14th, 1983, this Court convened for the primary purpose of selecting a jury for the case at bar and for swearing in potential witnesses. After this was accomplished, the Court adjourned for the day knowing that serious settlement negotiations were taking place between the parties to the suit. The following morning a conference was held between the Court and counsel for the parties. At this hearing it was disclosed that substantially all of the issues of the case had been settled. Specifically, all monetary claims were settled with the Defendant agreeing to pay to the Plaintiff six (6) months back pay for the time that the Plaintiff had been suspended without pay. The second segment of the settlement agreement, however, was not resolved. A letter to be exchanged between parties was still in contention. The insignificant differences in the wording of the letter was all that stood between a final agreement amongst the parties.

The Plaintiff proposed to include within the letter standard compromise settlement agreement language, with the addition:

> By Texas statute a Sheriff in Texas is given a great deal of discretion in his hiring and firing of deputies. Article 6869 of the Texas Civil Statutes authorizes the Sheriff to appoint one or more deputies.

> Likewise, employees of the Sheriff's Department have constitutional rights to stand for political office, and to publicize their political views. They do not have the right to 'disturb the public interest'.

> These declarations of law are contained in Judge Porter's order of 9/15/80. They are the law of the case.

Defendant on the other hand, desired to add to the usual compromise settlement language, the following:

> The Plaintiff, Grady McCall, and the Defendant, Pete McCain, acknowledge and accept the rulings and findings of the United States District Court as set out in the Court's Memorandum Order dated September 15, 1980.

> In order to avoid the further expense of trial, the Plaintiff has offered to settle his claims for 6 months back pay of a deputy sheriff of Navarro County.

In order to avoid the further expense of trial, the Defendant agrees to pay Plaintiff the sum of $6,323.40, said sum of money representing six months pay of a deputy sheriff of Navarro County.

Such language was explained to the counsels' clients who summarily rejected the wording of the opposition. Both sides refused to compromise on the wording.

The loggerhead to the successful settlement of this case hinges on these differences in wording. It is this Court's finding that such differences indicates an absence of judicial constitutional controversy. No constitutional issue under the First or Fourteenth Amendment remains which would warrant judicial intervention.

In light of the fact that the monetary claims have been settled by the parties for a nominal sum, the exchange of a letter becomes petty. Plaintiff's acknowledgment that the Court's findings in the preliminary injunction are true lends absolutely nothing to the findings themselves. The findings exist regardless of any acknowledgment, and they speak for themselves. Since no appeal was taken, the findings are the law of the case and all parties are bound by them. Thus, no material issues of dispute remain for jury consideration.

It is further found that exchange of any type of letter is not relief to which the Defendant is entitled in this lawsuit. Neither Plaintiffs nor Defendants included in their pleadings a request for an exchange of the type of letters now requested. Although settlement agreements generally may include requests outside of the literal reading of pleadings, refusal to compromise on such grounds indicates unreasonableness and bad faith on the part of the parties.

## IV. DEMINIMUS NON CURAT LEX [1]

It is undisputed that compromises and settlements are a judicially favored manner for the termination or avoidance of litigation. They are highly favored in the law and will be upheld whenever possible. The driving force behind such settlements is the need to prevent wasteful litigation and to allow accommodation best suited to the party's interest. With judicial dockets becoming increasingly overloaded, parties to litigation have an important responsibility to resolve meaningless issues or immaterial differences. Disregard of this responsibility burdens the Court, society, and most of all, those litigants who are burdened with true, justiciable causes of action.

The case at bar highlights the need for a Court to shoulder the responsibility of resolving disputes. It is lilliputian to waste the time of this Court and these lawyers on trivial matters that clients demand. Limited judicial resources must be skillfully allocated to those parties in most need of Court time. The hundreds of cases pending on this docket on any given week rely to a great extent on the cooperation and good faith dealings of the parties currently before the Court. Reasonable actions by responsible parties must always prevail. In the case at bar, the actions of these parties have been neither reasonable nor responsible.

It is therefore held that in order for this Court to equitably control its docket in the interest of all outstanding cases, and in consideration of the fact that all material issues have been settled by the parties to this action, judgment will enter pursuant to the terms of the settlement agreement reached by the parties resolving all material issues.

---

1. The law does not care for, or take notice of, very small or trifling matters. The law does not concern itself about trifles. Black's Law Dictionary (5th Ed. 1979).